UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHRISTLIE JEAN-BAPTISTE,

                                PLAINTIFF,                  **COMPLAINT**

               -AGAINST-                              **ECF CASE**

NEW YORK CITY, SERGEANT MICHAEL COHN,
POLICE OFFICER MICELI and POLICE OFFICER
HARRY PELL, individually, and in their capacity as
members of the New York City Police Department,

                              DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.  This is a civil action in which Plaintiff Ms. Christlie Jean-Baptiste ("Ms. Baptiste")

    seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and

    Fourteenth Amendments to the United States Constitution.

2.  The claims arise from an incident on or about July 11, 2015, in which officers of the

    New York City Police Department ("NYPD"), acting under color of state law,

    intentionally and willfully subjected Ms. Baptiste to *inter alia* false arrest.

3.  Plaintiff seeks monetary damages (special, compensatory and punitive) against

    defendants and an award of costs and attorneys' fees, and such other and further relief

    as the Court deems just and proper.

## JURISDICTION

4.  This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and

    Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff Ms. Baptiste is a 27-year-old citizen of the United States and at all times here relevant resided at 225 East 163rd Street, Apartment 3C, Bronx, NY 10451.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Sergeant Michael Cohn ("Sgt. Cohn"), Police Officer Harry Pell ("PO Pell") and Police Officer Miceli ("PO Miceli") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Baptiste is 27-years-old and works as a real-estate sales agent.

11. Ms. Baptiste lives with her 4-year-old daughter Amina and her domestic partner Mr. Juan Roldan ("Mr. Roldan").

12. On or about July 11, 2015, Mr. Roldan got in an argument with Ms. Baptiste at their apartment.

13. Mr. Roldan got into Ms. Baptiste's hire-car and drove away with Amina in the car.

14. Ms. Baptiste called the police.

15. PO Miceli and PO Pell arrived and Ms. Baptiste explained what had happened.

16. After approximately one hour, Mr. Roldan called Ms. Baptiste and told her he was at the nearby park with Amina.

17. PO Miceli and PO Pell went to the park and Mr. Roldan was arrested.

18. PO Miceli took Ms. Baptiste and Amina to the 44th Precinct.

19. Amina was evaluated by an EMT and PO Miceli observed that Amina had no visible injuries on her body.

20. PO Miceli informed Ms. Baptiste that Amina was required to go to hospital to be evaluated.

21. Ms. Baptiste and Amina were taken by ambulance to Bronx Lebanon Hospital at approximately 4:00 pm.

22. At the hospital a nurse checked Amina's temperature and blood pressure.

23. Ms. Baptiste registered Amina at the hospital reception.

24. Ms. Baptiste was informed that Amina's case was not an emergency and accordingly it would take some time for her to be seen by a doctor.

25. Ms. Baptiste and Amina waited in the waiting room.

26. At approximately 4:20 pm, Sgt. Cohn called Ms. Baptiste and requested that she return to the 44th precinct to complete paperwork.

27. Ms. Baptiste informed Sgt. Cohn that she was in the hospital waiting room with Amina.

28. Ms. Baptiste suggested to Sgt. Cohn that they could return to the precinct to complete the paperwork and then return to the hospital for Amina to be seen by a doctor.

29. Sgt. Cohn told Mr. Baptiste that would be fine.

30. Ms. Baptiste and Amina walked back to the 44th precinct.

31. At the precinct Sgt. Cohn asked Ms. Baptiste if Amina had been evaluated at the hospital.

32. Ms. Baptiste told the officers that Amina had not yet been evaluated.

33. Sgt. Cohn immediately instructed PO Pell and PO Miceli to arrest Ms. Baptiste.

34. The officers arrested Ms. Baptiste and handcuffed her behind her back.

35. Ms. Baptiste was taken to an interview room and left for several hours.

36. Ms. Baptiste was then placed in a holding cell and handcuffed to a bar.

37. At approximately 8:00 pm PO Pell handcuffed Ms. Baptiste behind her back and transferred her back to an interview room.

38. PO Pell informed Ms. Baptiste that she was arrested for endangering the welfare of a child.

39. Ms. Baptiste was confused and upset.

40. Ms. Baptiste asked for a phone call to arrange for someone to pick up Amina.

41. PO Miceli informed Ms. Baptiste that ACS had been called.

42. Upon information and belief, the officers told ACS that Ms. Baptiste had already been taken to central bookings and had left no information as to who could pick up Amina.

43. At approximately 12:00 am, PO Pell informed Ms. Baptiste that ACS had taken Amina.

44. At approximately 4:15 am on July 12, 2015, Ms. Baptiste was transferred to Central Bookings.

45. Ms. Baptiste was held at Central Bookings until approximately 5:00 pm, at which time she was released without charge.

46. As stated in the Affidavit in Support of Declining/Deferring Prosecution, the Bronx District Attorney's office declined to prosecute Ms. Baptiste "due to lack of probable cause to arrest defendant."

47. Ms. Baptiste called ACS on the morning of Monday July 13, 2015, and had to attend a conference at the ACS office.

48. Ms. Baptiste then had to attend family court on the afternoon of July 13, 2015.

49. Eventually, Ms. Baptiste returned to the ACS office and was informed Amina would be returned to Ms. Baptiste the next day.

50. ACS informed Ms. Baptiste that Amina should not have been removed from her care.

51. ACS carried out a visit at Ms. Baptiste's home before Amina was returned to Ms. Baptiste on the afternoon of July 14, 2015.

52. Ms. Baptiste continues to feel traumatized by the events of July 2015, and is wary and fearful when she sees police officers.

53. Ms. Baptiste takes efforts to avoid police officers when in public.

54. Ms. Baptiste suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**

(42 USC 1983 – False Arrest)

55. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

56. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

57. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

58. Defendants confined plaintiff.

59. Plaintiff was aware of, and did not consent to, her confinement.

60. The confinement was not privileged.

61. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

### (Failure to Intervene)

62. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

63. Defendant Sgt. Cohn instructed PO Pell and PO Miceli to arrest plaintiff without probable cause or legal justification.

64. Defendants PO Pell and PO Miceli knew, or should have known, that they did not have probable cause or legal justification to arrest plaintiff.

65. Defendants PO Pell and PO Miceli failed to intervene to prevent the arrest of plaintiff without probable cause or legal justification.

66. Defendants PO Pell and PO Miceli had sufficient time to intercede and had the capability to prevent the arrest of plaintiff without probable cause or legal justification.

67. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court

**JURY DEMAND**

68. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;

Awarding Plaintiff punitive damages in an amount to be determined by a jury;

Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             September 28, 2015

                                        By:        /s/
                                                Malcolm Anderson (4852)

                                                PetersonDelleCave LLP
                                                Attorney for Plaintiff
                                                233 Broadway, Suite 1800
                                                New York, NY 10279
                                                (212) 240-9075